**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30349 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00035-SEH-1 |
| v. | |
| JUDY MARIE LAVERDURE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted June 9, 2010
Portland, Oregon

Before: HALL, THOMPSON and McKEOWN, Circuit Judges.

Judy Marie Laverdure was indicted for, and convicted by jury of:

(1) conspiracy to possess with intent to distribute 500 grams or more of

methamphetamine, 21 U.S.C. §§ 841, 846; (2) possession with intent to distribute

more than 500 grams of methamphetamine, 21 U.S.C. § 841(a)(1); and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(3) distribution of more than 500 grams of methamphetamine, 21 U.S.C. § 841(a)(1). Laverdure appeals her conviction on three grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.     Fatal Variance

Laverdure argues there was a fatal variance from the indictment because evidence at trial showed the existence of multiple conspiracies, rather than the single charged conspiracy. In particular, Laverdure argues that the evidence showed that, on two occasions, principals withdrew from the conspiracy, subdividing any dealing operation into distinct conspiracies.

To prove a fatal variance, Laverdure must show: (1) the claimed variance and (2) resultant prejudice to Laverdure's rights. *United States v. Adamson*, 291 F.3d 606, 614-15 (9th Cir. 2002). Because Laverdure has not shown that her rights were prejudiced, we do not consider whether a variance existed.

Laverdure had ample opportunity to prepare a defense and the proof at trial did not impermissibly go beyond the allegations in the indictment. *See United States v. Morse*, 785 F.2d 771, 775 (9th Cir. 1986) ("[P]rejudice may result in three ways: 1) inadequate opportunity to prepare a defense and exposure to unanticipated evidence at trial; 2) deprivation of the right to be tried only on charges presented in

2

an indictment returned by a grand jury; and 3) exposure to prejudicial evidentiary spillover." (citations omitted)).

First, Laverdure was notified of the evidence that the government intended to put forth at trial, and she successfully excluded and neutralized some of the testimony. Second, despite the absence of any physical drug evidence, numerous witnesses testified to Laverdure's dealings: nine witnesses testified to buying methamphetamine from Laverdure, one witness testified that Laverdure brokered several drug deals, and other witnesses testified that Laverdure and her parents had a substantial amount of methamphetamine bagged at their house and that the three of them sold methamphetamine. Third, the jury could not have convicted Laverdure of some other conspiracy. The evidence at trial focused on Laverdure's direct involvement in drug dealing with limited mention of any other supposed conspiracies.

## II.  Relevancy

Laverdure argues that the district court abused its discretion by admitting testimony about drug dealings that occurred before the time frame of the indictment. *See United States v. Vo*, 413 F.3d 1010, 1017 n.4 (9th Cir. 2005). In particular, a Federal Bureau of Investigation agent testified that, in the months before the indictment's time frame, Laverdure was suspected of allowing

3

methamphetamine dealers to use her garage for unpacking drugs. The agent testified that Laverdure consented to a search of the garage, which was later shown to be her parents' garage, and that circumstantial evidence of drug trafficking was found there.

The district court did not abuse its discretion by admitting this evidence. The testimony was relevant, as it suggested that Laverdure and her parents conspired to possess with an intent to distribute methamphetamine. Furthermore, the evidence was not unfairly prejudicial to Laverdure, as more compelling evidence of guilt was offered by other witnesses. *See* Fed. R. Evid. 403. Other witnesses testified that Laverdure lived with her parents in 2005—during the indictment's time frame—and that a substantial amount of methamphetamine was stored there and sold by both Laverdure and her parents.

## III. Base Offense Level

Laverdure argues that the district court erred in setting her base offense level at 34 based on her responsibility for between 1.5 and 5kg of methamphetamine. In particular, Laverdure argues that the jury verdict and testimony support a determination that she was responsible for only between 500g and 1.5kg of the drug.

We reject this argument. The jury's special verdict that Laverdure was responsible for over 500g of methamphetamine is not controlling, as that determination was made solely for the purpose of imposing the statutory minimum sentence. The trial testimony addressing Laverdure's dealings, if aggregated over the time frame of the indictment, *see United States v. Culps*, 300 F.3d 1069, 1077 (9th Cir. 2002), supports the 1.5 to 5kg determination.

**AFFIRMED.**